IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CEASAR HANCOCK, individually §
and on behalf of all others §
similarly situated, §
                                §
            Plaintiff, §
                                § Civil Action No. 3:07-CV-1441-D
VS.                             §
                                §
CHICAGO TITLE INSURANCE         §
COMPANY,                        §
                                §
            Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Ceasar Hancock ("Hancock"), individually and on behalf of all others similarly situated, moves for leave to file a second amended complaint. Emma Benavides ("Benavides") moves to intervene as a class representative. For the reasons that follow, the court grants both motions.[1]

I

The background facts of this case are set out in a prior opinion of the court and need not be repeated at length. *See Hancock v. Chi. Title Ins. Co.*, 2008 U.S. Dist. LEXIS 8621, at *1-*4 (N.D. Tex. Feb. 5, 2008) (Fitzwater, C.J.) ("*Hancock I*"). Hancock filed this lawsuit against defendant Chicago Title Insurance Company ("Chicago Title"), arising from Hancock's purchase of a reissue title insurance policy from Chicago Title.

---

[1] Both motions are included in a single, consolidated motion. The court will refer to the motions in the plural.

Hancock seeks to recover for alleged violations of § 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b), and on state-law claims for unjust enrichment and money had and received, contending that Chicago Title failed to give him the reissue discount to which he was entitled under Texas law and instead split the amount of the discount with a title agent. Hancock filed suit on August 22, 2007. On August 29 he filed an amended complaint on behalf of all others similarly situated.

Chicago Title moved to dismiss Hancock's claims for lack of standing and for failure to state a claim on which relief can be granted. The court denied the motion to dismiss, holding that Hancock did state a claim on which relief could be granted and that he had made a sufficient showing to satisfy standing requirements at that stage of the proceedings. *Hancock I*, 2008 U.S. Dist. LEXIS 8621, at *7, *15. On June 12, 2008 Hancock and Benavides filed consolidated motions in which Hancock seeks leave to amend and Benavides seeks leave to intervene.

II

Hancock moves for leave to file a second amended complaint in which he seeks leave to add a claim for breach of implied contract. Chicago Title opposes this motion on the grounds that the amendment would be futile.

A

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." *See also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). The court need not grant leave to amend, however, when the amendment would be futile. *See Jamieson by Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Granting leave to amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). "To survive a Rule 12(b)(6) motion to dismiss, [Hancock] must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Id.* (quoting *Bell Atl.*, 127 S.Ct. at 1965).

B

Chicago Title opposes Hancock's motion solely on the basis that adding the claim for breach of implied contract would be futile. Its futility argument consists primarily of the statement that Hancock cannot prevail on the breach of implied contract

claim, just as he cannot prevail on his original claims. As Chicago Title's response brief points out, "[t]his new claim . . . is predicated on the allegation that Chicago Title overcharged for the premium in the first instance-the same basis for the existing claims based on RESPA, unjust enrichment, and money-had-and-received . . . ." D. Br. 9. The court has already held that Hancock's first amended complaint, which consisted of the claims based on RESPA, unjust enrichment, and money had and received, survived a Rule 12(b)(6) motion. *Hancock I*, 2008 U.S. Dist. LEXIS 8621, at *15. Chicago Title has failed to demonstrate that Hancock's breach of implied contract claim is futile, i.e., that Hancock has failed in the proposed second amended complaint to plead enough facts to state a claim to relief that is plausible on its face. Therefore, the court grants Hancock leave to amend.

III

Benavides moves to intervene in this case as a class representative.

A

As both parties acknowledge, Benavides is a member of the putative class in this case. Like Hancock, Benavides purchased a reissue title insurance policy from Chicago Title, and she alleges that Chicago Title failed to give her the reissue discount to which she was entitled under Texas law, and that it split the discount with a title agent. In addition to being a putative class member,

Benavides is the named plaintiff in a virtually identical putative class action against Chicago Title in the Western District of Texas. The complaint in that case alleges precisely the same claims as are alleged here, namely, that Chicago Title violated RESPA § 8(b), unjust enrichment, money had and received, and breach of implied contract. The lawsuit also defines an identical state-wide class. Benavides argues that permissive intervention should be allowed under Rule 24(b)(2).

B

District courts have broad discretion in granting motions to intervene permissively. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

> Rule 24(b)(2) provides for permissive intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Id.* at 189 n.2.

The court will briefly address these considerations because Chicago Title has not directly contested them and its opposition to Benavides' intervention focuses primarily on other factors.

First, Benavides' motion to intervene as class representative is timely. Notably, Chicago Title does not argue that the timing of the motion prejudiced it or that the motion is untimely for other reasons. Chicago Title has sufficient time to perform any

additional discovery regarding Benavides' claims because the court has not yet imposed a discovery deadline. Although the addition of Benavides as a class representative may influence briefing of the class certification issue, the deadline for Hancock's brief in support of class certification is February 13, 2009, almost five months from now, and Chicago Title has until March 20, 2009 to respond.

Second, Benavides' claims have a question of law or fact that is in common with Hancock's claims. Benavides is a member of the putative class in this case, and the claims she seeks to assert as a class representative are the same claims as Hancock has brought. Among other common questions, both Benavides' and Hancock's claims present the legal question whether Chicago Title's alleged failure to give the mandated reissue discount, and its sharing of the discount with a title agent, violate RESPA § 8(b).

Third, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Allowing Benavides to intervene will not unduly delay the present action. The court has not yet imposed a discovery deadline, and the intervention should not significantly impact or delay briefing on the class certification issue. Allowing Benavides to intervene is unlikely to unduly prejudice the original parties. Hancock does not oppose the motion, and Chicago Title would in any event be forced to defend against Benavides' claims in the suit pending in

the Western District of Texas.

C

Chicago Title does not directly address the factors discussed above. Instead, it maintains that Benavides should not be permitted to intervene because her intervention will neither protect the interests of the class nor promote judicial economy.

Notably, neither of these elements must be established for the court to grant permissive intervention. But even if they were mandatory, allowing Benavides to intervene now appears to protect the interests of the class and could promote judicial economy. Hancock argues that allowing Benavides to intervene as an additional class representative strengthens the adequacy of class representation, especially in light of Chicago Title's objections to Hancock's adequacy. Chicago Title counters that because Benavides is already the named plaintiff in an identical putative class action, her intervention in this case does not protect the class and could cause venue problems. Without deciding whether Chicago Title is in fact interested in "protecting" a class that it has already challenged, the court finds Hancock's position persuasive. Chicago Title has challenged the adequacy of Hancock's representation of the class. Allowing Benavides, whose adequacy as class representative has not been similarly challenged, to intervene as an additional class representative will apparently

protect the interests of the class.² And as the court discusses below, the venue issues that Chicago Title raises are speculative and do not warrant denying leave to intervene.

Nor has Chicago Title shown that granting intervention would be detrimental to judicial economy. Currently, Hancock and Benavides are the named plaintiffs in separate class actions, pending in two districts, brought on behalf of the same putative state-wide class. Although, if permitted to intervene, Benavides would be the class representative in two cases, this would not *create* duplicative litigation, because two class actions are already pending. And allowing Benavides to intervene in this action—a case that was filed first and is further along in the litigation process³—appears likely to avoid duplicate proceedings and serve judicial economy. If Benavides intervenes in this action, the Western District of Texas would likely follow the first-to-file rule⁴ and transfer or stay its case. Benavides has

---

²In granting Benavides leave to intervene as a class representative, the court is not suggesting a final view on whether she satisfies all requirements of Rule 23(a)(4). That determination must await the class certification process. The court has determined only that the adequacy of her representation is sufficiently apparent to warrant granting leave to intervene.

³Hancock filed this action in the Northern District of Texas on August 22, 2007. Benavides filed her action in the Western District of Texas on May 9, 2008.

⁴The first-to-file rule provides for and suggests this course of action. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases

demonstrated her intent to avoid duplicative litigation by moving to stay the proceedings in the Western District of Texas. Thus permitting intervention appears likely to discourage duplicative litigation and serve judicial economy.

Chicago Title also contends that judicial resources could be wasted if Benavides is allowed to intervene, because this case would have to be transferred to the Western District if Hancock's standing or adequacy is later found to be lacking and venue is lacking here for Benavides's claims. These concerns are too speculative to carry weight. At this time, Hancock's standing and adequacy have not been found lacking, and it is unclear whether this court is an improper venue for Benavides' claims.

Chicago Title also relies on *Newby v. Johnston*, 681 F.2d 1012, 1015 (5th Cir. 1982), contending that the Fifth Circuit affirmed the denial of intervention under nearly identical circumstances. In *Newby*, as in the instant case, a putative class member who had filed an almost identical suit moved to intervene as a class representative in a previously-filed action. *See id.* at 1013. In *Newby*, however, the district court denied the motion to intervene

---

substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The rule rests on principles of comity and sound judicial administration." *Id.* "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

because it had simultaneously denied class certification and dismissed the original plaintiff's claims as moot. *Id.* at 1014. The court reasoned that, because the original plaintiff's claims were dismissed, it would be more efficient to deny intervention and require the would-be intervenor to pursue her claims in the almost identical action she brought. *See id.* at 1015. The Fifth Circuit affirmed, holding that the district court did not abuse its discretion when it denied the motion to intervene, because the court sought to avoid duplicative litigation and did not harm or prejudice the interests of the class.[5] *See id.* at 1014 ("This effort to avoid duplicative litigation surely falls within the court's discretion, particularly when it does not disserve the purposes of the class action.").

Unlike in *Newby*, Hancock's claims as the class representative in this case have not been dismissed. Therefore, the justifications for denying the motion to intervene cited in *Newby* are not present here. In fact, as discussed above, denying Benavides' motion would foster duplicative litigation and could harm the interests of the class. *Newby* therefore supports granting Benavides' motion to intervene.

---

[5]Although it held that denying the motion to intervene was within the district court's discretion, the Fifth Circuit indicated that it would not have handled the case in the same way, and that granting intervention would have been appropriate. *See Newby*, 681 F.2d at 1014 ("While we might not agree with its handling of the case, we cannot say that the court abused its discretion in acting as it did.").

D

Chicago Title's primary argument against Benavides' intervention is that this court is not the proper venue for her claims. It argues that under RESPA's venue provision, Benavides may only file her claims in the Western District of Texas.[6] The court need not now decide, however, in what venues Benavides can bring her claims. Because Benavides seeks to intervene as a putative class member in an action properly before this court, she need not independently satisfy venue requirements.

Chicago Title cites two opinions in support of its venue argument. In the first, *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482 (5th Cir. 2003), the Fifth Circuit held that venue was not proper in the Central District of California because all of the named plaintiffs were not located there. *Abrams Shell*, however, addresses a situation in which the original named plaintiffs did not satisfy venue requirements, not where a member of the putative class seeks to intervene in an action properly before the court. *See id.* at 489.

Chicago Title also relies heavily on *Kruse v. Wells Fargo Home Mortgage, Inc.*, 2006 WL 1212512 (E.D.N.Y. May 3, 2006). *Kruse* is similar to the present case in that it addressed a motion to

---

[6]RESPA's venue provision provides that an action brought pursuant to its provisions "may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614.

intervene in a putative class action in which the plaintiffs alleged violations of RESPA § 8(b). *See id.* at *1. *Kruse* differs from this case in the same way that *Newby* does: the claims of the original plaintiffs in *Kruse* were dismissed. *See id.* at *3; *Newby*, 681 F.2d at 1014. The district court in *Kruse* denied the motion to intervene on the ground that there was no longer a case in which to intervene because the original plaintiffs' claims were moot. *See Kruse*, 2006 WL 1212512, at *9 ("Since the original named plaintiffs['] claims are moot, and it would be improper to permit intervention to 'breath life into a non-existent lawsuit,' the case is dismissed with prejudice." (citation omitted)). This basis to deny Benavides' motion is not present here because the court has not held Hancock's claims to be moot. Moreover, like *Newby*, the court's analysis in *Kruse* supports granting Benavides' motion to intervene. The *Kruse* court explained that "permissive intervention in a class suit does not normally force intervenors to independently satisfy the venue requirements." *Id.* at *8 (citing *City of Philadelphia v. Morton Salt Co.*, 248 F. Supp. 506, 509 (E. D. Pa. 1965)); *see also* 2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 6:12 (4th ed. 2002) ("[I]ntervening class members need not independently satisfy the applicable venue requirements.").

The *Kruse* court did state that "when the original plaintiffs upon whose claims jurisdiction and venue are based are dismissed

from the case, plaintiffs must offer independent grounds for venue." *Kruse*, 2006 WL 1212512, at *8. Chicago Title argues that, in light of this possibility, the court should not allow Benavides to intervene. The court disagrees. The claims of Hancock, the original plaintiff in this case, have not been dismissed.[7] If Hancock is later dismissed, Benavides may be required to establish independent grounds for venue, and she may or may not be able to meet this burden. But at this point it is speculative to conclude that she cannot. In any event, the risk that the case would be dismissed and that Benavides would be forced to bring a new action is borne primarily by Benavides, who seeks leave to intervene. The court cannot say that Chicago Title would be unduly prejudiced under these circumstances since, if Benavides' motion were denied, it would be obligated to defend against her separate suit in the Western District of Texas.

Accordingly, the court concludes that any objections based on Benavides' ability to provide independent grounds for venue in this court are premature and do not support denying her motion to intervene. Benavides is not now required to independently satisfy the venue requirements in this district, and her motion to

---

[7]In fact, the court has previously denied a motion to dismiss Hancock's claims. *See Hancock I*, 2008 U.S. Dist. LEXIS 8621, at *19.

intervene as a class representative is granted.[8]

* * *

Hancock's June 12, 2008 motion for leave to file second amended complaint is granted. He must file the second amended complaint—electronically or on paper—within five business days of the date this memorandum opinion and order is filed. Benavides' June 12, 2008 motion to intervene as class representative is granted, and she must file her complaint in intervention, —electronically or on paper—within five business days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

September 23, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[8]On August 28, 2008 Chicago Title filed a motion to disregard allegedly new arguments raised in the reply brief filed by Hancock and Benavides or, alternatively, for leave to file surreply. The arguments at issue concern whether Benavides can independently satisfy venue requirements in this court. Because the court holds that Benavides need not independently satisfy venue requirements to intervene, it has not considered the arguments about which Chicago Title complains. Therefore, Chicago Title's August 28 motion to disregard or file surreply is denied as moot.