```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

| | |
|---|---|
| CEASER HANCOCK and EMMA BENAVIDES, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>VS.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>                 Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:07-CV-1441-D<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

Plaintiff Emma Benavides' ("Benavides'") December 21, 2009 motion for reconsideration is denied.

Benavides moves the court to reconsider its memorandum opinion and order denying her motion for class certification and granting defendant Chicago Title Insurance Co. ("Chicago Title") leave to implead a third party. *See Hancock v. Chi. Title Ins. Co.*, ___ F.R.D. ___, 2009 WL 4665343 (N.D. Tex. Dec. 9, 2009) (Fitzwater, C.J.) ("*Hancock II*"). Benavides seeks reconsideration based primarily on the Fifth Circuit's decision in *Mims v. Stewart Title Guaranty Co.*, ___ F.3d ___, 2009 WL 4642631 (5th Cir. Dec. 9, 2009), filed the same day the court decided *Hancock II*.[1] Although *Mims* in part reversed an order granting class certification, it

---

[1]Although *Hancock II* was filed on December 9, 2009, it was completed before that date. The court was unaware of the Fifth Circuit's *Mims* decision when it filed its decision in *Hancock II*.

affirmed certification of a class based on state-law claims factually similar to the ones in this case.

The court concludes that reconsideration should be denied because *Mims* does not undercut this court's primary basis for denying class certification.[2] The court recognizes that one holding of *Mims*—whether insurers' internal rate-setting guidelines are acceptable methods of identifying when a prior mortgage was insured—can be read to call into question the court's treatment of that issue in *Hancock II*. But *Hancock II* did not rely solely on the problems raised by using internal guidelines as evidence of past insurance. *See Hancock II*, 2009 WL 4665343, at *7 ("The court's determination that individualized inquiries would predominate at trial is strengthened by the fact that Benavides has failed to demonstrate any reliable method of identifying the potential class members."). Therefore, even if, in light of *Mims*,

---

[2]In *Mims* the Fifth Circuit stated that it "[saw] no legal impediment to the certification of a class on the state law claims." *Mims*, 2009 WL 4642631, at *1. But after making this brief introductory statement, the panel in its analysis of the state-law claims did not, except to the limited extent discussed below, address the grounds on which this court relied in *Hancock II*. The defendant in *Mims* raised different legal theories in opposition to class certification than did Chicago Title. Notably, apart from citing this introductory statement in *Mims* of "no legal impediment," Benavides' motion for reconsideration fails to identify any holding or reasoning in *Mims* that calls into doubt this court's discussion of the "predominance" requirement imposed by Rule 23(b)(3), which forms the principal basis for the court's decision in *Hancock II*. Although Benavides asserts that "*Mims* held the predominance requirement met in that very similar case," P. Mot. Recon. 20, the court does not find this contention to be supported by a fair reading of *Mims*.

the court would not have included this reasoning in *Hancock II*, it would still have denied class certification. This reasoning was a secondary, not a necessary, ground for the court's decision. As the court explained in *Hancock II*:

> Even if the court were to assume that Benavides' proposed class definition accurately identified borrowers who should have received a reissue credit, individual inquiries would still predominate. Her proposal might simplify the individual-inquiry process, but it would not raise any class-wide common questions. The absence of an accurate method of identifying class members only further confirms that individual issues would predominate at trial.

*Id.* at *7 n.14. The court made clear that the primary barrier to class certification was the fact that Benavides did not advance any class-wide questions to be determined (and she has still not done so in her motion for reconsideration).

> Benavides' proposed questions are not truly common substantive issues that predominate as to the whole class because they amount to a case-by-case inquiry to identify and calculate overcharges. Therefore, because there is "no class-wide proof available" to determine which borrowers are owed a refund, "and only mini-trials can determine this issue," the court finds that the predominance requirement of Rule 23(b)(3) is not satisfied.

*Id.* at *6.

* * *

Because nothing in *Mims*, or in Benavides' motion for reconsideration, casts doubt on the main premise of the decision in *Hancock II* to deny class certification, the motion for

reconsideration is denied.[3]

**SO ORDERED.**

December 23, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]Benavides also requests that the court reconsider its decision granting Chicago Title leave to implead a third party. Because Benavides' argument depends upon the court's first reconsidering its denial of class certification, this component of Benavides' motion is also denied.