IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CEASER HANCOCK and EMMA §
BENAVIDES, individually §
and on behalf of all others §
similarly situated, §
§
Plaintiffs, §
§ Civil Action No. 3:07-CV-1441-D
VS. §
§
CHICAGO TITLE INSURANCE §
COMPANY, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this putative class action in which plaintiffs have appealed the court's ruling denying class certification, plaintiffs move to dismiss with prejudice under Fed. R. Civ. P. 41(a)(2). Concluding that granting the motion would impermissibly alter the status of the case on appeal and therefore exceed this court's jurisdiction, the court denies the motion.

I

The background facts and procedural history of this case are adequately recounted in two published opinions and need not be repeated at length. *See Hancock v. Chi. Title Ins. Co.*, 263 F.R.D. 383, 385-86 (N.D. Tex. 2009) (Fitzwater, C.J.) ("*Hancock II*"), *appeal docketed*, No. 10-10136 (5th Cir. Feb. 12, 2010); *Hancock v. Chi. Title Ins. Co.*, 635 F.Supp.2d 539, 541-42 (N.D. Tex. 2009) (Fitzwater, C.J.) ("*Hancock I*"). In sum, plaintiffs sued defendant Chicago Title Insurance Co. ("Chicago Title") to recover under the

Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b) ("RESPA"), and under Texas law for unjust enrichment, money had and received, and implied contract. In *Hancock I* the court granted summary judgment dismissing plaintiffs' RESPA and unjust enrichment claims. In *Hancock II* the court denied plaintiff Emma Benavides' ("Benavides'") motion[1] for class certification and permitted Chicago Title to implead Capital Title of Texas, LLC ("Capital") and assert claims for breach of common-law fiduciary duty and duty of care.[2]

Plaintiffs sought leave to appeal the court's decision denying class certification. Chicago Title joined the request for leave, and the Fifth Circuit granted leave to appeal in February 2010. In May 2010, however, plaintiffs filed an opposed motion to dismiss their appeal, which the Fifth Circuit denied initially and on rehearing. Briefing of the appeal is currently underway.

Plaintiffs move this court under Rule 41(a)(2) to dismiss their lawsuit with prejudice. Only state-law claims remain, and, without class certification, the two plaintiffs can only sue for recovery amounts particular to them, allegedly valued at $333.20 and $371.60. Citing the small recoveries available and this court's unfavorable rulings, plaintiffs ask the court to allow them

---

[1] Benavides alone filed the motion because plaintiff Ceaser Hancock withdrew for health reasons from consideration as a class representative. *Hancock*, 263 F.R.D. at 385 n.2.

[2] Capital calculated and collected the premium from Benavides.

to dismiss the suit on the basis that they no longer desire to pursue the litigation and consume the court's judicial resources. Plaintiffs maintain that Chicago Title will not be prejudiced by dismissal with prejudice because such a disposition will grant Chicago Title all the relief that it seeks. They also posit that Chicago Title can still pursue its third-party claims against Capital in a separate action.

Chicago Title opposes the motion. Recounting the procedural history of similar cases involving plaintiffs' counsel,[3] some of which involve class-certification decisions that are favorable to the positions of plaintiffs' counsel, Chicago Title argues that plaintiffs are engaging in strategic behavior to prevent the Fifth Circuit from considering the appeal of this court's class-certification ruling. According to Chicago Title, dismissal of the case at this juncture, after the Fifth Circuit has twice refused to dismiss plaintiffs' appeal, would effectively overrule the Fifth Circuit's decision to hear the appeal. Chicago Title characterizes plaintiffs' motion as an attempt to "manipulate precedent" by depriving the Fifth Circuit of an opportunity to clarify the

---

[3]*Ahmad v. Old Republic Nat'l Title Ins. Co.*, No. 3:08-CV-0229-P (N.D. Tex.) (Solis, J.); *Chapman v. Commonwealth Land Title Ins. Co.*, No. 3:09-CV-0188-L (N.D. Tex.) (Lindsay, J.); *Hamilton v. First Am. Title Ins. Co.*, No. 3:07-CV-1442-G (N.D. Tex.) (Fish, J.); *Mims v. Stewart Title Guar. Co.*, No. 3:07-CV-1078-N (N.D. Tex.) (Godbey, J.); *Patino v. Lawyers Title Ins. Co.*, No. 3:06-CV-1479-F (N.D. Tex.) (Furgeson, J.); *Walker v. Fid. Nat'l Title Ins. Co.*, No. 3:09-CV-1996-K (N.D. Tex.) (Kinkeade, J.).

pertinent law of class certification.  It posits that plaintiffs are seeking to dismiss this case so that they can rely on favorable class-certification decisions obtained from other district judges and avoid appellate review in this case.[4]

II

"In this Circuit, 'motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Robles v. Atl. Sounding Co.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (per curiam) (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002)).  Plain legal prejudice can arise in at least three circumstances.  First, prejudice can occur if dismissal would deprive the opposing party of an otherwise-available defense. *See Robles*, 77 Fed. Appx. at 275; *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989).  Second, filing a motion for voluntary dismissal at a late stage in the litigation can be grounds for denial.  *Robles*, 77 Fed. Appx. at 275; *see also Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir.

---

[4]Chicago Title also points to the behavior of plaintiffs' counsel in other RESPA-based suits.  In *Patino* plaintiffs' counsel chose not to appeal the summary judgment dismissal of the RESPA claim even though Judge Furgeson expressed the hope that there would be an appeal that would result in the Fifth Circuit's issuing a final decision on the RESPA issue.  Chicago Title cites this as a basis for contending that plaintiffs' counsel is strategically avoiding a potentially adverse decision on appeal in order to safeguard the RESPA claim in *Hamilton*, a case pending before Judge Fish.

1991) ("When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal."). Third, "in some circumstances . . . a voluntary dismissal granted after an adverse trial court ruling could inflict 'legal prejudice' on the defendant." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). But "a fine line sometimes exists between imposing 'plain legal prejudice' and merely subjecting the defendant to another lawsuit." *Id.*

There are several situations that do not constitute plain legal prejudice. The mere prospect of being subjected to another lawsuit is not enough. Nor do "the usual conditions attached to a voluntary dismissal[, which] involve prejudice only in a practical sense (*e.g.*, paying costs or expenses, producing documents, producing witnesses)" amount to plain legal prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976).

III

None of the previously recognized types of "plain legal prejudice" applies in this case. Dismissal with prejudice is a final adjudication on the merits and a bar to further action by plaintiffs against Chicago Title on the claims brought in this lawsuit. *See Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003) (citing *Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985)); *see Schwarz,* 767 F.2d at 129 (noting that "[a]n

adjudication in favor of the defendants, by court or jury, can rise no higher than this"), *overruled on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources,* 532 U.S. 598 (2001).  The court need not consider whether the proposed dismissal would eliminate a potential defense or whether the timing of the dismissal comes after an adverse ruling because plaintiffs ask that the court dismiss the case with prejudice.  *See id.* at 130 (ruling that dismissal with prejudice was not prejudicial to defendant because it barred further adjudication).

Chicago Title maintains that, even if it would not suffer prejudice related to this particular suit, dismissal would deprive it of an opportunity to resolve on appeal a pivotal issue in similar cases involving Chicago Title's parent company.  The court rejects this argument.  Plaintiffs' attempt to avoid potentially adverse precedent by pretermitting an appeal would not of itself be sufficient prejudice to deny dismissal.  *See Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (noting that "[w]hile it appears that appellees have attempted to manipulate the court system to their best advantage . . . [i]f the issue on appeal is moot, then regardless of the desirability of cutting short appellees' manipulations and resolving the substantive . . . issue at the appellate level, this Court does not have the power to address it").  A defendant cannot force a plaintiff to proceed with litigation, absent some other

type of prejudice, merely because the outcome of the litigation might result in favorable precedent. "It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368-69 (5th Cir. 1967) (internal quotation marks omitted) (quoting 2 William W. Barron & Alexander Holtzoff, *Federal Practice and Procedure* § 912 (Charles Alan Wright ed. 1960)). *See also Standard Nat'l Ins. Co. v. Bayless*, 272 F.2d 185, 185-86 (5th Cir. 1959) (per curiam) (holding that district court acted well within its discretion in dismissing suit even though defendants maintained that plaintiffs' motive was to attain supposed tactical advantage in state court). This is not a situation where plaintiffs have "snatched away" Chicago Title's sure victory on appeal. *Cf. Manshack*, 915 F.2d at 174 (entertaining possibility, in dicta, that voluntary dismissal granted after adverse *trial* ruling could inflict legal prejudice). The court therefore concludes that a dismissal with prejudice would cause no "plain legal prejudice" to Chicago Title.

IV

Chicago Title also opposes dismissal based on notions of judicial comity. It contends that if the Fifth Circuit did not think Benavides' reasons for dismissing her appeal were sufficient, this court should not revisit that decision.

Although the court disagrees that the issue is one of "comity," it does agree that the pendency of the appeal warrants

denying plaintiffs' motion to dismiss based on this court's lack of jurisdiction. "Generally, the district court cannot 'alter the status of the case as it rests before the Court of Appeals.'" *Clower v. Wells Fargo Bank*, 2010 WL 2465003, at *1 (5th Cir. June 17, 2010) (per curiam) (quoting *Dayton Indep. Sch. Dist.*, 906 F.2d at 1063). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (internal quotation marks omitted) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam)). "[T]he district court may still proceed with matters not involved in the appeal." *Id.* (internal quotation marks omitted) (quoting *Alice L. ex rel. R.L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (per curiam)). *Cf. Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (holding that district court had jurisdiction to grant summary judgment to defendants even after class certification appeal was filed).

The Fifth Circuit has granted plaintiffs leave to appeal this court's class-certification decision, thereby divesting the court of jurisdiction over "those aspects of the case involved in the appeal." Although the court retains jurisdiction over all other aspects of the case, it cannot alter the status of the case as it rests on appeal.

At a general level, the meaning of "alter the status of the case" is not entirely clear from Fifth Circuit decisions. In *Clower*, the most recent case, while an appeal was pending from its decision certifying a class, the district court granted the defendant's motion to dismiss and granted plaintiffs leave to amend their complaint. In turn, the Fifth Circuit dismissed the appeal as moot. *Clower*, 2010 WL 2465003, at *2. The panel stated, "We do not doubt that the district court had authority to 'proceed with matters not involved in the appeal' and therefore to dismiss the complaint after we granted permission to appeal." *Id.* at *1 (citing *Alaska Elec. Pension Fund*, 572 F.3d at 233). *Cf. Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993) (holding that district court did not lack jurisdiction to dismiss certain claims on summary judgment where it did not affect appellate panel's ability to decide issue on appeal).

By contrast, the panel in *Dayton Independent School District* held that, in permitting plaintiffs to drop certain claims and one defendant while the appeal was pending, the district court had "significantly changed the status of the appeal[]" and acted outside its authority. *Dayton Indep. Sch. Dist.*, 906 F.2d at 1063. *Cf. Stewart Enters. v. RSUI Indem. Co.*, 2009 WL 3711254, at *1 (E.D. La. 2009) (declining to grant summary judgment because, even if waiver theory behind summary judgment motion was not on appeal, granting motion would moot appeal and "alter the status of the case

as it rests before the Court of Appeals"). Neither *Clower* nor *Dayton Independent School District* offers definitive guidance regarding how to determine whether an action of the district court alters the status of the case as it rests before the court of appeals when a matter is "not involved in the appeal." This is likely because, as the panel stated in *Alice L.*, "[h]ow broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Alice L.*, 492 F.3d at 565.[5]

In the present case the court need not plumb the depths of the case law in search of a generally applicable principle because it is clear that granting plaintiffs' motion would impermissibly alter the status of the case as it rests on appeal. Here, plaintiffs have filed a voluntary dismissal motion that, if granted, would enable them to obtain indirectly from this court what they could not secure directly from the Fifth Circuit: dismissal of their appeal of the class-certification ruling. The two explicit rulings of the Fifth Circuit denying dismissal of the appeal distinguish this case from cases such as *Clower* and *Alaska Electric Pension Fund*. The court need not speculate about whether, before the Fifth

---

[5]It was only necessary for the *Alice L.* panel to decide that the appeal of an issue concerning one claim did not affect the district court's ability to dispose of issues relating to a different claim. It was not necessary for the panel to consider a situation where the district court had ruled on a motion related to a claim on appeal but separate from the merits of the issue on appeal. *See Alice L.*, 492 F.3d at 565 (refusing to reach question whether filing amended complaint was permissible after notice of appeal had been filed because argument was raised too late).

Circuit denied dismissal of the appeal, a voluntary dismissal motion would or would not have touched on matters "not involved in the appeal." Once the Fifth Circuit declined to dismiss the appeal—including in response to a petition for rehearing that made arguments for voluntary dismissal on similar grounds to those on which plaintiffs now move for dismissal in this court[6]—the question whether to grant voluntary dismissal unavoidably became an aspect of the case involved in the appeal. This court therefore lacks jurisdiction to grant plaintiffs' motion.

* * *

For the reasons explained, the court denies plaintiffs' July 6, 2010 motion for voluntary dismissal. Even if Chicago Title would not be prejudiced by the dismissal, and granting the motion would otherwise be permissible under Rule 41(a)(2), the court lacks

---

[6]*Compare* Appellant Pet. for Panel Reh'g 4 (arguing that court should grant motion for voluntary dismissal of appeal because of presumption in favor of granting dismissal) *with* Ps. Mot. for Voluntary Dismissal 3 (arguing that courts should freely grant motion for voluntary dismissal absent prejudice); *compare* Appellant Pet. for Panel Reh'g 8-10 (arguing absence of prejudice to Chicago Title and noting costs of continuing appeal) *with* Ps. Reply Br. 2 and 5-7 (arguing that Chicago Title will suffer no prejudice and noting costs of wasteful litigation); *compare* Appellant Pet. for Panel Reh'g 8 (offering to condition dismissal on not being allowed to relitigate class certification issue) *with* Ps. Mot. for Voluntary Dismissal 3-4 (requesting that court dismiss with prejudice so that Chicago Title will have received all relief sought).

the jurisdiction to grant the motion when doing so would alter the status of the case pending on appeal.

**SO ORDERED.**

September 28, 2010.

                              _____
                              SIDNEY A. FITZWATER
                              CHIEF JUDGE