IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEASAR HANCOCK and EMMA BENAVIDES, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:07-CV-1441-D |
| CHICAGO TITLE INSURANCE COMPANY, | § § § § | |
| Defendant-Third-Party Plaintiff, | § § § | |
| VS. | § § | |
| CAPITAL TITLE OF TEXAS, LLC, | § § § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Following the dismissal of the plaintiffs in this putative class action, the court addresses the third-party defendant's motions for leave to designate responsible third parties and for leave to join contribution defendants. For the reasons that follow, the court grants the motion to designate responsible third parties and denies the motion for leave to join contribution defendants.

I

Plaintiff Ceasar Hancock ("Hancock"), joined later by plaintiff Emma Benavides ("Benavides"), initiated this putative class action against defendant-third-party plaintiff Chicago Title Insurance Company ("Chicago Title") to recover under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b) ("RESPA"), and under Texas law for unjust enrichment, money had and received, and implied contract. They alleged that they refinanced their home mortgages and, as required by their lenders, purchased reissue title insurance polices, but that Chicago Title failed to discount the premium it charged for their reissue title insurance policies, as required by Texas law. In *Hancock v. Chicago Title Insurance Co.*, 635 F.Supp.2d 539 (N.D. Tex. 2009) (Fitzwater, C.J.), the court granted summary judgment dismissing plaintiffs' RESPA and unjust enrichment claims. In *Hancock v. Chicago Title Insurance Co.*, 263 F.R.D. 383 (N.D. Tex. 2009) (Fitzwater, C.J.), *aff'd* 636 F.3d 699 (5th Cir. 2011), the court denied a motion for class certification and permitted Chicago Title to implead Capital Title of Texas, LLC ("Capital") as a third-party defendant. Hancock and Benavides later dismissed their claims and are no longer parties. Only Chicago Title's third-party action against Capital remains.

In its third-party complaint, Chicago Title alleges that Capital served as the title insurance agent when Benavides refinanced her home and that Capital calculated, collected, and disbursed the premium for the title insurance policy that Benavides was required to purchase. Chicago Title brings claims against Capital for breach of contract, breach of

common-law fiduciary duty and duty of care, and indemnity. It alleges that, if Benavides was charged a premium for her title insurance policy that exceeded the permitted amount, Capital is liable to Chicago Title for the amount by which Benavides and any alleged class members were allegedly overcharged, together with all additional damages, attorney's fees and costs resulting from such overcharges.

Prior to the September 15, 2011 deadline for joining parties, Capital filed on August 29, 2011 a motion for leave to designate additional title agencies as responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2008). Capital does not appear to dispute that it was the title agent when Benavides refinanced her home. But it alleges that it did not close the transactions at issue in the putative class action and did not cause Chicago Title to incur any fees associated with these transactions. Accordingly, to the extent Chicago Title seeks to recover fees and expenses incurred in reviewing other transactions closed by other title agencies, Capital seeks to designate the title agencies who closed those transactions (the "Other Title Agencies") as responsible third parties. Chicago Title opposes Capital's motion.

After the deadline to join parties passed, Capital filed a motion for leave to join contribution defendants.[1] In this motion, Capital requests leave to bring a fourth-party

---

[1]Capital seeks to join Rattikin Title Company, Denton County Title Company, Allegiance Title Company, Community Title LLC, Title Texas, Inc., Liberty Title Company LLC, Towne & Country Title, ITCOA, LLC, and Travis County Title Company as contribution defendants. In addition to these same parties, it lists "Travis County" as a party who it seeks to designate as a responsible third party. This may simply be an inadvertent error that duplicates the reference to "Travis County Title [Company]." For example, Capital

action[2] against the Other Title Agencies as contribution defendants under Fed. R. Civ. P. 14.

Chicago Title opposes the motion, contending that Rule 14 does not permit impleader of

parties who would be liable only to the plaintiff (i.e., to third-party plaintiff Chicago Title)

and that Capital's motion is untimely.

## II

The court first addresses Capital's motion to designate responsible third parties.

Under Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f) and (g), the court must grant leave to

designate responsible third parties unless another party timely objects and establishes (1) that

the defendant did not plead sufficient facts concerning the alleged responsibility of the

person to satisfy the pleading requirements, and (2) that, having been granted leave to

replead, the defendant fails to plead sufficient facts concerning the alleged responsibility of

the person to satisfy the pleading requirements.[3]  *See Reneker v. Offill*, 2011 WL 3583170,

---

spells "Towne & Country Title" as "Town & Country Title" in its motion for leave to designate responsible third parties.

[2]Capital designates its proposed fourth-party complaint as a third-party complaint, but due to the procedural posture of the case, it is in fact a fourth-party complaint. *See, e.g., Pabellon v. Grace Line, Inc.*, 12 F.R.D. 123, 124 (S.D.N.Y. 1951) (referring to impleader of fourth-party defendants by third-party defendants).

[3]The court has applied § 33.004 in diversity cases and in cases in which its subject matter jurisdiction was based on a federal question. *See, e.g., Davis v. Dall. Cnty., Tex.*, 2007 WL 2301585, at *2 (N.D. Tex. Aug.10, 2007) (Fitzwater, J.) (federal question); *Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006) (Fitzwater, J.) (diversity).  The court has not yet been presented with a case requiring it to engage in an extensive analysis of whether § 33.004 should be given full effect.  As before, the court

suggests no view on such matters as whether the statute's

at *2 (N.D. Tex. Aug. 12, 2011) (Fitzwater, C.J.); *Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006) (Fitzwater, J.).  Chicago Title, the objecting party, has failed to make this showing.  Tex. R. Civ. P. 47(a) requires that a petition contain "a short statement of the cause of action sufficient to give fair notice of the claim involved[.]"  *Id.*  Capital has met this requirement.

In support of Capital's contention that it bears only proportional responsibility for the fees and expenses Chicago Title incurred in defending its position in this litigation and in defeating Benavides' motion for class certification, Capital alleges that the putative class action only arose because of the transactions closed by the hundreds of Chicago Title's agents and by Chicago Title's direct operations.  Capital maintains that, because it did not close the other transactions at issue in the putative class action, it did not cause Chicago Title to incur any fees associated with these transactions, and it is not liable to Chicago Title for the fees and expenses that Chicago Title incurred reviewing transactions closed by other title

---

references to "the pleading requirement of the Texas Rules of Civil Procedure," *see* § 33.004(g)(1) (singular), and to "the pleading requirements of the Texas Rules of Civil Procedure" *id.* § 33.004(g)(2) (plural), apply in a diversity case.  Nor does the court "suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines."

*Davis*, 2007 WL 2301585, at *1 (citations omitted).  Chicago Title does not argue that § 33.004 is inapplicable, and the court will continue to apply the statute "until persuaded that [it] does not apply."  *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.).

agencies. Capital's allegations are sufficient under § 33.004(f) and (g) to entitle it to obtain leave to designate the Other Title Agencies as responsible third parties,[4] and its motion is therefore granted.

III

The court now turns to Capital's motion for leave to join contribution defendants.

A

Rule 14(a)(5) provides that a "third-party defendant may proceed under this rule against a nonparty who is or may be liable to the third-party defendant for all or part of any claim against it." "The policy underlying Rule 14 is to promote judicial economy by eliminating circuitous actions." *Wells Fargo Bank, N.A. v. Pettus*, 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1442, at 339 (3d ed. 2010 & Supp. 2011)). In determining whether to permit impleader, the court may consider whether the proposed action lacks substance. *See, e.g., Briones v. Smith Dairy Queens, Ltd.*, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) ("The factors applied when deciding whether to allow a third-party complaint include prejudice placed on the other parties, undue delay by the third-party plaintiff, *lack of substance to the third-party claim*, and advancing the purposes of Rule 14[.]") (emphasis added) (citation omitted); *see also* 6 Wright & Miller, *supra*,

---

[4]In granting this motion, the court expresses no opinion, of course, regarding whether the trier of fact would find that the Other Title Agencies are responsible for the fees and expenses incurred by Chicago Title in defending the putative class action.

§ 1443, at 352-53 (noting that "a timely application for impleader should be granted except when it will delay or disadvantage the existing action *or the third-party claim obviously lacks merit*." (emphasis added)).[5] Impleader is appropriate "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc*., 380 F.2d 749, 751 (5th Cir. 1967). In other words, "the third party must necessarily be liable over *to the defendant* for all or part of the plaintiff's recovery." *Id.* (emphasis added). If "the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed." *Martco Ltd. P'ship v. Bruks Inc*., 430 Fed. Appx. 332, 335 (5th Cir. 2011) (per curiam) (quoting 6 Wright & Miller, *supra*, § 1446, at 415-21).

B

Capital's proposed fourth-party action for contribution lacks substance because the Other Title Agencies from whom its seeks contribution cannot be held liable *to Capital* for all or part of Chicago Title's recovery against Capital.

It is important at the outset to focus on the rationale on which Capital relies to join the Other Title Agencies as contribution defendants. Capital maintains that it cannot be held liable for 100% of Chicago Title's attorney's fees from the underlying case but instead "can only be held responsible for those fees that are attributable to the conduct of and caused by Capital Title (if any)." Capital Br. 3. In other words, Capital is not alleging that the Other

---

[5]The court will assume, without deciding, that Capital's motion is timely.

Title Agencies are liable *to Capital*; it is alleging that they are the cause of portions (perhaps substantial portions) of the damages that Chicago Title seeks to recover from Capital.  This is not a justification to add the Other Title Agencies as contribution defendants; this is a reason to argue to the trier of fact that Capital should not be held liable for the damages that Chicago Title seeks to recover from Capital but that were caused by the Other Title Agencies.  *See*, *e.g.*, *Burlin v. Fla. Ladder Co.*, 1986 WL 13373, at *1 (E.D. La. Nov. 26, 1986) (dismissing third party complaint and requiring plaintiffs to prove that their damages were caused by defendant's wrongdoing, and giving defendant opportunity to show some other cause of plaintiffs' injuries).[6]

Capital should only be permitted to implead the Other Title Agencies if it can establish that they are or may be liable *to Capital* for contribution or on some other basis for any of the claims that Chicago Title asserts against Capital.  But as the court will explain, they cannot.

Chicago Title alleges that Capital is liable for breach of contract because it violated

---

[6]Chicago Title maintains that it is not seeking to recover defense fees related to transactions by other agents.  It is unclear from Chicago Title's third-party complaint whether it seeks to recover all of its attorney's fees and costs from Capital or only seeks to recover the portion of its attorney's fees and costs that is attributable to Capital's alleged overcharge to Benavides and any additional putative class members.  Regardless, nothing in this memorandum opinion and order prevents Capital from defending Chicago Title's third-party action on the ground that Capital is not responsible for part or all of Chicago Title's fees and costs, including on the basis of evidence that the conduct of the Other Title Agencies caused or contributed to Chicago Title's losses.

certain provisions of their agency agreement ("Agency Agreement").[7]  None of the Other

Title Agencies is a party to the Agency Agreement, and Capital does not allege in its

proposed fourth-party action that any acts or omissions of the Other Title Agencies caused

or contributed *to Capital's* alleged breach of the Agency Agreement.  Nor does Capital assert

that there is a contractual or other relationship between it and the Other Title Agencies that

would permit Capital to seek contribution from the Other Title Agencies for Capital's

alleged breach of the Agency Agreement.[8]

Chicago Title also asserts a claim for breach of common law fiduciary duty and duty

of care, alleging that Capital had a common law fiduciary duty and duty of care to perform

its obligations under the Agency Agreement with care, skill, reasonable expedience, and

faithfulness, and to perform its obligations under the Agency Agreement so as not to injure

Chicago Title by its performance.  For the same reasons that Capital has not shown the Other

Title Agencies are or may be liable *to Capital* for contribution based on Capital's alleged

---

[7]According to Chicago Title's third-party complaint, it entered into the Agency Agreement with Weststar National Title Company, LLC ("Weststar"), but an amendment to the Agency Agreement reflects that Weststar changed its name to Capital Title of Texas, LLC, the third-party defendant named in Chicago Title's third-party complaint.

[8]Moreover, "[c]ontribution is allowed in Texas only among joint tortfeasors."  *CBI NA-CON, Inc. v. UOP Inc.,* 961 S.W.2d 336, 339 (Tex. App. 1997, pet. denied) (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)).  Where contribution is available, for the party seeking contribution to have a right to it, the party from whom contribution is sought "must have some real or potential liability in damages to the plaintiff."  *Id.* (citing authorities).  "A defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought."  *Id.* (citing *Shoemake v. Fogel*, 826 S.W.2d 933, 935 (Tex. 1992)).

breach of the Agency Agreement, Capital has also not shown the Other Title Agencies are or may be liable to Capital for Capital's alleged breach of the common-law fiduciary duty and duty of care in the performance of Capital's obligations under the Agency Agreement.

Chicago Title also alleges a claim against Capital for indemnity, seeking to recover any amount that Capital overcharged Benavides and any of the additional proposed class members, together with additional damages, attorney's fees, and costs resulting from these alleged overcharges. Chicago Title specifically bases its indemnity claim on overcharges *by Capital*, limiting this claim "[t]o the extent Capital's provision of services as a title agent . . . caused overcharges for which Chicago Title may be liable." 3d Party Compl. ¶ 23. Capital has not shown any basis for holding the Other Title Agencies liable *to Capital* for the amounts that Capital allegedly overcharged its own customers (including Benavides and any other members of the putative class whose titles were serviced by Capital) or the resulting costs and fees that resulted from these alleged overcharges. Accordingly, Capital cannot seek contribution from the Other Title Agencies based on this claim.

Capital seeks to add the Other Title Agencies as contribution defendants based on their alleged breach of fiduciary duty and negligence in failing to properly calculate and charge premiums for title insurance policies underwritten by Chicago Title. But Capital bases this claim on duties allegedly owed by the Other Title Agencies to Chicago Title. *See* Proposed 4th Party Compl. ¶ 16 (alleging that the Other Title Agencies "had a common-law fiduciary duty and duty of care to perform services for Chicago Title with care, skill,

reasonable expedience, and faithfulness, and to perform their obligations so as not to injure Chicago Title by their performance."). Capital does not allege that the Other Title Agencies are liable *to Capital* on this basis.

In sum, Capital is essentially seeking through its proposed fourth party action to establish that Chicago Title is seeking to recover from Capital damages and other relief caused by the Other Title Agencies. It maintains that the Other Title Agencies, not Capital, are the cause of these damages. But as Chicago Title's third-party action and Capital's proposed fourth-party action are framed, this is an argument to be presented as a defense to Chicago Title's damages claims against Capital, not a basis to implead the Other Title Agencies as fourth-party defendants. Accordingly, Capital's motion for leave to join contribution defendants is denied.[9]

---

[9]The court's decision to allow Capital to designate the Other Title Agencies as responsible third parties is not inconsistent with its decision to deny Capital's request to implead them. Capital has failed to show that the Other Title Agencies can be held liable to Capital. But this is not a requirement for designating a responsible third party because, under § 33.003(a)(4), a responsible third party need only "caus[e] or contribut[e] to cause in any way the harm for which recovery of damages is sought," meaning damages sought by a plaintiff as opposed to the party seeking contribution.

\*   \*   \*

For the reasons explained, the court grants Capital's August 29, 2011 motion for leave to designate responsible third parties, and it denies Capital's October 21, 2011 motion for leave to join contribution defendants.

**SO ORDERED.**

January 11, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE