IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEASAR HANCOCK and EMMA BENAVIDES, Individually and on behalf of all others similarly situated, §§§§ | |
| Plaintiffs, § | |
| § | Civil Action No. 3:07-CV-1441-D |
| VS. § | (Consolidated with |
| § | Civil Action No. 3:08-CV-1916-D) |
| CHICAGO TITLE INSURANCE COMPANY, §§ | |
| § | |
| Defendant-Third-Party Plaintiff, §§ | |
| § | |
| VS. §§ | |
| CAPITAL TITLE OF TEXAS, LLC, §§ | |
| Third-Party Defendant. § | |

MEMORANDUM OPINION
AND ORDER

The January 24, 2013 request of third-party defendant Capital Title of Texas, LLC ("Capital") for leave to file its motion to reconsider the order granting Chicago Title's motion for summary judgment and denying Capital Title's motion for summary judgment on Chicago Title's indemnity claim is granted. Capital's motion to reconsider is denied, and its request for an oral hearing is denied.

Because the court's interlocutory summary judgment decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its summary judgment ruling. *See Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.). The court "possesses the inherent procedural power to reconsider, rescind, or modify

an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (internal quotation marks omitted) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011 (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 446 F.Supp.2d 112, 123 (D.D.C. 2006)). The decision "whether to grant such a motion rests within the discretion of the court." *Colli*, 2011 WL 3524403, at *1 (citation omitted).

Capital makes two arguments in support of its motion: first, that the court's interpretation of Rate Rule R-8 of the Texas Basic Manual of Title Insurance ("R-8") renders the Rule unconstitutional; and, second, that Capital cannot be found under the facts of this case to have violated R-8.

Although presented under the rubric of unconstitutionality, Capital's first argument appears to amount to a restatement of, or elaboration upon, contentions that Capital made in its summary judgment briefing. The underlying premise of the argument seems to be that the court's analysis of R-8 cannot be correct because, if it is, then the Rule is unconstitutionally vague. *See* Capital Mot. Reconsider 5 ("As discussed above, this scenario cannot be the appropriate standard for the application of R-8 and if so, R-8 is unconstitutionally vague."). The court adheres to its summary judgment ruling that Capital violated R-8, and it declines to reconsider that holding.

Even if Capital's first argument is intended to present new grounds for establishing that R-8 is unconstitutionally vague as the court has interpreted the Rule, Capital has not made the required showing. In the civil context (Capital cites several inapposite *criminal* cases as well), accepting

Capital's premise that R-8 must provide definite standards for those who apply it, R-8 does provide such a definite standard. It could not be clearer that, under R-8, a borrower is entitled to the reissue discount if she qualifies; she need not even request the discount. *See Hancock v. Chi. Title Ins. Co.*, 2013 WL 139547, at *5 (N.D. Tex. Jan. 11, 2013) (Fitzwater, C.J.) ("*Hancock III*"). What Capital is complaining about are perceived difficulties with complying with this standard, but these compliance difficulties do not render the standard of R-8— the command that the reissue discount be given to those who qualify—unconstitutionally vague.

Finally, even if the court assumes that R-8 *is* unconstitutionally vague, Capital still violated it. And under the indemnity provision of the Issuing Agency Contract, Capital obligated itself to "[c]omply with all applicable laws and regulations relating to the conduct of [Capital's] business." *Id.* at *4. Therefore, as between Capital and Chicago Title, Capital effectively assumed responsibility for challenging enforcement of a law or regulation as unconstitutional; otherwise, the law or regulation was applicable, and Capital's failure to comply with that law or regulation triggered its indemnity obligation to Chicago Title, as explained in *Hancock III*.

Turning to Capital's second contention, the court adequately explained in *Hancock III* why Chicago Title had established beyond peradventure that Capital violated R-8. *See id.* at *5-7. The arguments that Capital now presents are essentially recast versions of the ones it made in its summary judgment briefing and that the court fully considered and rejected. And although nothing more need be written, it bears emphasizing that, under Texas law, the R-8 discount is mandatory and must be given, even if the borrower does not request it. *See id.* at *5 and *5 n.8. As the court explained, "[t]here is no 'standard of care' that, if complied with, can insulate the insurer from this obligation, nor is there a 'dut[y] or obligation[]' imposed on a qualified borrower to demonstrate

entitlement to the discount. The qualified borrower need not even request that the discount be given." *Id.* at *5 n.8 (first brackets added). Capital did not comply with R-8, and Chicago Title is entitled to recover from Capital on its indemnity claim.

Accordingly, Capital's motion to reconsider is denied.

**SO ORDERED**.

January 25, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE