IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEASAR HANCOCK and EMMA BENAVIDES, Individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>VS.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>   Defendant-<br>   Third-Party Plaintiff,<br><br>VS.<br><br>CAPITAL TITLE OF TEXAS, LLC,<br><br>   Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:07-CV-1441-D<br>§ (Consolidated with<br>§   Civil Action No. 3:08-CV-1916-D)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

The court grants third-party plaintiff Chicago Title Insurance Company ("Chicago Title") leave to file its January 28, 2013 expedited motion for reconsideration, in which it seeks reconsideration of the part of the court's January 11, 2013 memorandum opinion and order dismissing Chicago Title's claim for breach of fiduciary duty. The expedited motion for reconsideration is denied.

First, the court carefully considered in preparing its memorandum opinion and order whether Chicago Title had adequately addressed the damages component of its breach of fiduciary duty claim, and it concluded that Chicago Title had not. *See Hancock v. Chi. Title Ins. Co.*, 2013 WL 139547, at *10 & 10 n.19 (N.D. Tex. Jan. 11, 2013) (Fitzwater, C.J.). The court carefully read the briefs of both sides, for both motions, before reaching this conclusion, and it declines to revisit this

decision.

      Second, because Chicago Title did not adequately address the damages element of its breach of fiduciary duty claim, it was unnecessary for the court to address whether Chicago Title had raised a genuine fact issue on the element of proximate cause.  Unlike Chicago Title's indemnity claim, under which it "need only prove 'some nexus' between Capital's failure to discount Benavides' title insurance premium and the damages it seeks," *id.* at *9, Chicago Title's claim for breach of fiduciary duty requires that it establish proximate cause, *id.* at *10 ("To prevail on a breach of fiduciary duty claim, the plaintiff must prove that the defendant's breach of [its] fiduciary duties proximately caused the plaintiff's damages." (alteration in original) (quoting *Finger v. Ray,* 326 S.W.3d 285, 291 (Tex. App. 2010, no pet.))).  Proximate cause consists not only of cause in fact but foreseeability.  *Id.*  "'Foreseeability' means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others."  *Id.* (quoting *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992)).  The court has serious doubts about whether a reasonable jury could find in Chicago Title's favor on proximate cause because of the foreseeability element.  In this case, based on the failure of third-party defendant Capital Title of Texas, LLC ("Capital") to give the R-8 reissue discount to one person, Emma Benavides, Chicago Title is seeking to hold Capital liable for substantial expenses incurred in defending a putative class action.  Because Chicago Title's indemnity claim only requires proof of "some nexus," *id.* at *9, and because "the court [held] that a reasonable jury could find that there is 'some nexus' between at least some of the attorney's fees and expenses that Chicago Title incurred defending Benavides' individual claim and the putative class action and Capital's failure to provide Benavides the R–8 discount," *id.*, it was unnecessary for the court to address the more onerous proximate cause requirement of the breach

of fiduciary duty claim, and the foreseeability element. But the court's serious doubts remain concerning whether a reasonable jury could find in Chicago Title's favor on proximate cause, and the court declines on that basis as well to reconsider its summary judgment ruling dismissing Chicago Title's breach of fiduciary duty claim.

Accordingly, Chicago Title's expedited motion for reconsideration is denied.

**SO ORDERED**.

January 29, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE